# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| ROY CARLUS RILEY AND<br>J AND R MANUFACTURING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:18CV00007 |
| v. | ) ) | **OPINION AND ORDER** |
| TERESA B. BARRINGER, ET AL., | ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Timothy W. McAfee, The McAfee Law Firm, Big Stone Gap, Virginia, for Plaintiffs; James B. Lees, Jr., Hunt & Lees, L.C., Charleston, West Virginia, Al Holifield, Holifield Janich Rachal Ferrera, PLLC, Knoxville, Tennessee, and John E. Jessee, Jessee, Read & Howard, P.C., Abingdon, Virginia, for Defendant Teresa B. Barringer.*

The plaintiffs, a business corporation and its president, allege in this case that defendant Teresa B. Barringer was a long-time company employee in charge of the company's finances and a fiduciary of the company's retirement plan. It is claimed that she engaged in a fraudulent scheme to embezzle money from the company and pay portions of it into her own retirement account, as well as to embezzle money from the retirement accounts of other plan beneficiaries, including the president, Roy Carlus Riley. The plaintiffs' action and the jurisdiction of this court are based on sections 409 and 502(a) of the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109 and 1132(a)(2).

Barringer has filed a Counterclaim, which the plaintiffs have moved to dismiss, along with Barringer's demands for punitive damages and attorneys' fees. For the reasons that follow, I will grant the plaintiffs' motion in part and deny it in part.

I.

The Counterclaim alleges the following facts, which I must accept as true for the purpose of deciding the Motion to Dismiss.

Plaintiff Riley is the president and sole shareholder of plaintiff J and R Manufacturing, Inc. ("J&R"). In the first cause of action asserted in the her Counterclaim, Barringer alleges that Riley authorized Barringer to execute negotiable instruments and other documents on Riley's behalf and in Riley's name during the course of Barringer's employment with J&R. Due to J&R's financial difficulties, Riley directed Barringer to make loans to J&R out of Riley and Barringer's personal funds. At the time Riley directed Barringer to make the loans to J&R, he did not intend that J&R would repay Barringer. With Riley's knowledge and permission, Barringer withdrew a total of $581,880.85 from her retirement account and her personal funds and deposited it in J&R's bank account. J&R has not repaid that money to Barringer.

For her second cause of action, Barringer alleges that during her last two years of employment with J&R, J&R failed to contribute to the employee retirement plan on her behalf, and from on or about September 1, 2016, to October 28, 2016, J&R and Riley failed to pay Barringer's wages, resulting in a loss to Barringer of $29,686.

Finally, for her third cause of action, Barringer contends that during her employment at J&R, she brought to her workplace and kept there the following items of her personal property: a Sam's MasterCard, four manila envelopes containing documents, calendars, personal mail with tax documents, personal crates of files, two Lowe's gift cards and one Amazon gift card, a flashlight new in the package, a box of quota information, a crate, and personal files, all of which have been converted by J&R and Barringer.

In Barringer's first cause of action, she asserts state law[1] claims of breach of express or implied contract, unjust enrichment, and fraud against both J&R and Riley. In her second cause of action, she asserts Virginia state law claims of breach of contract and unjust enrichment against both J&R and Riley. In her third cause of action, Barringer asserts state law claims of conversion, breach of express or implied contract, and unjust enrichment against both J&R and Riley. Barringer

---

[1] It is alleged that all of the events described in this action occurred in Virginia. Compl. ¶ 22, ECF No. 1. Riley and Barringer are citizens of Virginia and J&R has its principal place of business in Virginia. Countercl. ¶¶ 1,2,3, ECF No. 36. Thus Virginia law is to be applied in determining the state law claims.

contends that the court has supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367(a) because they so relate to the claims alleged in the Complaint that they form part of the same case or controversy.

J&R and Riley have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) all of the Counterclaim except the cause of action against J&R regarding its failure to pay Barringer's wages. The Motion to Dismiss has been fully briefed and is now ripe for decision.[2]

## II.

Federal courts have supplemental jurisdiction over a state cause of action if both the state and federal claims at issue "derive from a common nucleus of operative fact." *UMWA v. Gibbs*, 383 U.S. 715, 725 (1966). A common nucleus of operative fact may not exist where an employer-employee relationship is the sole link between the state and federal claims. *See Williams v. Long*, 558 F. Supp. 2d 601, 604 (D. Md. 2008) (finding an employer-employee relationship insufficient for supplemental jurisdiction in a Fair Labor Standards Act action); *Stadler v. McCullouch*, 949 F. Supp. 311, 313–14 (E.D. Pa. 1996) (finding the same in an ERISA action).

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

Here, the court has subject-matter jurisdiction over the federal claims in the plaintiffs' Complaint pursuant to 28 U.S.C. § 1331 (providing for federal-question jurisdiction). The court has subject-matter jurisdiction over the state claims in the Complaint pursuant to 28 U.S.C. § 1367(a) (providing for supplemental jurisdiction). The court also has supplemental subject-matter jurisdiction over Barringer's first and second causes of action regarding the $581,880.85 she deposited in J&R's bank account, J&R's alleged failure to contribute to the employee retirement plan, and J&R's alleged failure to pay Barringer's wages. These causes of action require consideration of facts already at issue under the plaintiffs' claims that Barringer embezzled funds from J&R and that she unlawfully accessed retirement funds.

However, I decline to exercise supplemental jurisdiction over Barringer's third cause of action. The employer-employee relationship is the sole link between this cause of action and the federal claims in this case. Accordingly, I will dismiss without prejudice for lack of subject-matter jurisdiction Barringer's cause of action alleging conversion, breach of express or implied contract, and unjust enrichment against both J&R and Riley regarding the personal property she took to her workplace.

III.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

A.

The plaintiffs first assert that Barringer's Counterclaim does not allege sufficient facts to support any claims against Riley personally.

A corporation is a legal entity "entirely separate and distinct from the shareholders or members who compose it." *Cheatle v. Rudd's Swimming Pool Supply Co.*, 360 S.E.2d 828, 831 (Va. 1987). Ignoring the separate existence of a corporation and imposing personal liability on its shareholders is an extraordinary

act to be taken only when necessary to promote justice. *See id.* There is no single rule for determining when holding a shareholder personally liable is necessary. *O'Hazza v. Exec. Credit Corp.*, 431 S.E.2d 318, 320 (Va. 1993). However, the Virginia Supreme Court has held that doing so is justified when the "unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist," and the shareholder "controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage." *Id.* at 320–21; *see also Cheatle*, 360 S.E.2d at 831 (finding the facts insufficient to show that the shareholders were the alter ego of the corporation when the shareholders had not personally guaranteed the corporation's indebtedness, commingled corporate and personal assets, or siphoned corporate assets into their own pockets).

The facts alleged in Barringer's Counterclaim against Riley are insufficient for the court to ignore the existence of J&R and hold Riley personally liable for the alleged wrongs. Barringer has not alleged facts sufficient for the court to infer that the separate personalities of J&R and Riley no longer exist or that J&R is Riley's alter ego. The allegations do not suggest that Riley personally guaranteed the alleged loan that Barringer made to J&R. They also do not suggest that Riley personally benefitted from the funds by using them for himself. Rather, the allegations indicate that Barringer expected J&R, rather than Riley, to repay the

-7-

loan, and she deposited the funds into J&R's bank account. Further, Barringer's allegation that Riley made loans to J&R from his personal funds does not amount to a commingling of personal and corporate assets. There is no evidence that Riley treated J&R's funds as his own. In addition, Barringer's remaining causes of action only mention Riley's name; they do not allege any additional facts that would allow the court to infer that Riley should be held personally liable for the alleged wrongs. Accordingly, I will grant the Motion to Dismiss as to Barringer's Counterclaim against Riley.

B.

The plaintiffs next move to dismiss Barringer's first cause of action against J&R alleging breach of express or implied contract, unjust enrichment, and fraud regarding the $581,880.85 she deposited in J&R's bank account and J&R has not repaid. The plaintiffs argue that this cause of action is deficient because it does not state whether the loans were memorialized in writing or whether they were the result of an oral agreement, the terms of any oral agreement, or the dates and amounts of each loan.

Under Virginia law, a plaintiff claiming breach of an express contract must establish (1) a legally enforceable obligation of a defendant to a plaintiff, (2) the defendant's violation or breach of that obligation, and (3) injury or damage to the plaintiff caused by the breach. *Ulloa v. QSP, Inc.*, 624 S.E. 2d 43, 48 (Va. 2006).

To prove a legally enforceable obligation, the plaintiff must prove (1) offer, (2) acceptance, and (3) consideration. *See Montagna v. Holiday Inns, Inc.*, 269 S.E. 2d 838, 844 (Va. 1980). Proof of damages is also an essential element, and a plaintiff's failure to prove damages requires that the action be dismissed. *Manchester Oaks Homeowners Ass'n, Inc. v. Batt*, 732 S.E.2d 690, 699 (Va. 2012). The plaintiff bears the burden of proving the amount of damages with "reasonable certainty." *Id.*

The facts alleged in Barringer's first cause of action are insufficient for the court to infer that an express contract existed between Barringer and J&R. Barringer has not alleged facts sufficient for the court to infer that J&R was under a legally enforceable obligation to repay her. In particular, Barringer has not alleged facts or circumstances showing that J&R, through Riley, offered to repay the money. Though she alleges that, upon information and belief, J&R did not intend to repay her, this allegation does not provide facts sufficient for the court to infer any offers by J&R. Accordingly, I will grant the Motion to Dismiss as to Barringer's first cause of action against J&R alleging breach of express contract.

In Virginia, a claim of breach of implied contract is a claim at law based in the same principles as an equitable claim of unjust enrichment. *See Kern v. Freed Co.*, 299 S.E.2d 363, 364–65 (Va. 1983) ("It is true the law will imply a promise to pay for goods received. However, this implied or quasi-contract is based on

equitable principles . . . that a man shall not be allowed to enrich himself unjustly at the expense of another.") (internal citations omitted). To state a claim for implied contract, plaintiffs must allege that (1) they rendered valuable services, (2) to the defendant, (3) which were requested and accepted by the defendant, (4) under circumstances that reasonably notified the defendant that the plaintiff expected to be paid by the defendant. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 843 (4th Cir. 2004). Similarly, a party claiming unjust enrichment must demonstrate that (1) the plaintiff conferred a benefit on the defendant, (2) the defendant knew of the benefit and should reasonably have expected to repay the plaintiff, and (3) the defendant accepted or retained the benefit without paying for its value. *Schmidt v. Household Fin. Corp. II*, 661 S.E.2d 834, 838 (Va. 2008).

Taken in the light most favorable to Barringer, the facts alleged in her first cause of action are sufficient to support her breach of implied contract and unjust enrichment claims. Barringer's transfer of funds to J&R was a valuable service that conferred a benefit on J&R. Further, Barringer alleges that J&R, through Riley, knew of and requested the funds. Barringer also alleges that J&R accepted the funds and has not repaid her for them. In light of their employment relationship, rather than a friendly or familial relationship, and the size of the sum of money, Barringer has alleged facts sufficient to infer that J&R should have been

notified that Barringer expected to be repaid. Accordingly, I will deny the Motion to Dismiss as to Barringer's first cause of action alleging breach of implied contract and unjust enrichment.

To state a cause of action for fraud, a plaintiff must prove that there was "a false representation of a material fact, made intentionally and knowingly, with intent to mislead." *Sales v. Kecoughtan Housing Co.*, 690 S.E.2d 91, 94 (Va. 2010) (quoting *Elliott v. Shore Stop, Inc.*, 384 S.E.2d 752, 756 (Va. 1989)). A plaintiff must also show that there was reliance on the false representation, and the reliance led to damages. *Id.* Under federal pleading rules, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b).

The facts in Barringer's first cause of action are insufficient for the court to infer that J&R committed fraud. In particular, Barringer does not allege facts sufficient for the court to infer that J&R represented that it would repay her. Although she alleges that, upon information and belief, J&R did not intend to repay her, this allegation does not provide sufficient facts regarding any representations by J&R. Accordingly, I will grant the Motion to Dismiss as to Barringer's first cause of action against J&R alleging fraud.

C.

The plaintiffs also move to dismiss Barringer's second cause of action against J&R alleging breach of contract and unjust enrichment regarding J&R's

-11-

failure to contribute to the employee retirement plan. The plaintiffs assert that Barringer has not alleged any damages as a result of J&R's failure to contribute to the retirement plan, and she has not requested any equitable relief. Barringer argues that the Counterclaim seeks "funds that are justly due and owing" due to J&R's failure to contribute to the plan. Answer 13, ECF No. 36.

In light of the requirements set out above, Barringer's second cause of action regarding J&R's failure to contribute to the employee retirement plan does not allege facts sufficient to state a breach of contract claim. In particular, it does not contain facts sufficient for the court to infer proof of damages. Barringer's reference to "funds that are justly due and owing" does not set forth the amount of damages with reasonable certainty. The second cause of action also fails to allege facts sufficient for the court to infer that J&R was unjustly enriched. It does not state facts suggesting that Barringer conferred any services or benefits on J&R. Accordingly, I will grant the Motion to Dismiss as to Barringer's second cause of action against J&R alleging breach of contract and unjust enrichment regarding J&R's failure to contribute to the employee retirement plan.

D.

Lastly, the plaintiffs move to dismiss Barringer's demands for punitive damages and attorneys' fees, arguing that she has not alleged any facts to support demands for either form of relief. Barringer seeks both punitive damages and

attorneys' fees in connection with her claims regarding the funds she deposited in J&R's bank account.

"[W]here the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, damages by way of punishment cannot be awarded, and compensatory damages only are permissible . . . ." *PGI, Inc. v. Rathe Prods., Inc.*, 576 S.E.2d 438, 444 (Va. 2003) (quoting *Baker v. Marcus*, 114 S.E.2d 617, 621 (Va. 1960)). Moreover, punitive damages generally are not allowed for breach of contract claims. *Wright v. Everett*, 90 S.E.2d 855, 860 (Va. 1956). Barringer has not alleged facts sufficient for the court to infer that J&R acted fraudulently, with malice, or with special motives of aggravation. Accordingly, I will grant the Motion to Dismiss as to Barringer's demands for punitive damages.

"Ordinarily, in the absence of a statutory or contractual provision to the contrary, attorneys' fees are not recoverable by the prevailing litigant." *Gilmore v. Basic Indus., Inc.*, 357 S.E.2d 514, 517 (Va. 1987). Barringer has not alleged facts showing a contractual provision regarding attorneys' fees, nor does her Counterclaim arise from statutes providing for attorneys' fees. Accordingly, I will grant the Motion to Dismiss as to Barringer's demands for attorneys' fees.

IV.

For the foregoing reasons, the Motion to Dismiss Barringer's Counterclaims, ECF No. 47, is GRANTED IN PART and DENIED IN PART, as follows:

1. Barringer's Counterclaim alleging conversion, breach of express or implied contract, and unjust enrichment against both J&R and Riley regarding her personal property at the workplace is DISMISSED;

2. Barringer's Counterclaim against defendant Roy Carlus Riley is DISMISSED;

3. Barringer's Counterclaim against J&R alleging breach of express contract and fraud regarding the $581,880.85 she deposited in J&R's bank account is DISMISSED;

4. Barringer's Counterclaim against J&R alleging breach of contract and unjust enrichment regarding J&R's alleged failure to contribute to her employee retirement plan is DISMISSED;

5. Barringer's demands for punitive damages and attorneys' fees are DISMISSED; and

6. The Motion to Dismiss is DENIED as to Barringer's Counterclaim against J&R alleging breach of implied contract and unjust enrichment regarding the $581,880.85 she deposited in J&R's bank account.

It is so **ORDERED**.

ENTER: October 9, 2018

/s/ *James P. Jones*
United States District Judge